O

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

#6-7

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-9046 PSG (AJWx) | Date | January 4, 2011 |
|----------|----------------------|------|-----------------|
| Title | Albert Asafu-Adjaye v. Citibank, N.A., *et al*. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|----------|------------------------------------------------------------------|

| Wendy K. Hernandez | Not Present | n/a |
|--------------------|-------------|-----|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|-------------------------------------|-------------------------------------|
| Not Present | Not Present |

**Proceedings:**      **(In Chambers) Order Granting Defendants' Motion to Dismiss**

Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, motion to strike pursuant to Federal Rule of Civil Procedure 12(f). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS Defendants' motion to dismiss.

I.      Background

On October 22, 2010, *pro se* Plaintiff Albert Asafu-Adjaye ("Plaintiff") filed this case against Citibank, N.A. and Citigroup, Inc. (collectively "Defendants"), asserting causes of action for (1) discrimination, (2) breach of fiduciary duty, (3) negligence and failure to supervise, (4) fraud, (5) intentional infliction of emotional distress, and (6) punitive damages. *See Compl*. ¶¶ 47-71.

According to the Complaint, Plaintiff is an African American who opened a banking account with Defendants in Los Angeles by depositing a $10,000 check payable to him from Travelers Insurance Company. *See Compl*. ¶¶ 1, 11-13. Plaintiff was told that one hundred dollars of that amount was available the day the account was opened, September 13, 2010, and that the remaining $9,900 would be available five days later on September 18, 2010. *Id*. ¶ 15. On September 18, 2010, Plaintiff went to Defendants' Wilshire Center branch to withdraw $7,500 for "emergency purposes." *Id*. ¶ 17. After speaking with a teller, Plaintiff was allegedly informed that he could not withdraw $7,500 in cash, but that he could take $5,000 in a cashier's

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#6-7**

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-9046 PSG (AJWx) | Date | January 4, 2011 |
|----------|------------------------|------|-----------------|
| Title | Albert Asafu-Adjaye v. Citibank, N.A., *et al.* | | |

check, which Plaintiff refused. *Id.* ¶ 21. According to the Plaintiff, the teller's offer and conduct harassed him, humiliated him and attacked his integrity. *Id.* ¶ 22.

Instead of walking away, Plaintiff decided to close the account entirely, rather than wait for the "hold" that had been placed on the account to clear. *See id.* ¶ 23. Plaintiff was told he could not close the account and remove the money at that time. *Id.* ¶ 24. Plaintiff then spoke with Jose Cruz, the head teller at the bank, who informed him that Travelers could not be reached to verify the authenticity of the check Plaintiff deposited, and that the "hold" on the account could not yet be removed. *Id.* ¶ 26. While Mr. Cruz was trying to contact Travelers, Plaintiff allegedly heard another customer tell other customers "that nigger is busted," referring to Plaintiff. *Id.* ¶¶ 27-28.

Plaintiff then went back to the branch where he opened the account just five days before, where Ofelia Lansang reiterated that there was a "hold" on the account because "Citibank had found out and believed that Plaintiff had opened an account in the past with the bank and Plaintiff had over-drawn and written bad checks on many occasions." *Id.* ¶ 32. Ms. Lansang referred Plaintiff to Lina Golbasarians, a banker, who, in front of other customers, inquired as to how Plaintiff obtained the initial deposit check and why he was closing the account. *Id.* ¶ 37. Plaintiff said it was due to the poor customer service he experienced. *Id.* ¶ 38. Ms. Goldbasarians then "repeated the same things and information that Ofelia Lansang had already told Plaintiff," and Plaintiff left without closing his account and without withdrawing any money. *Id.* ¶ 39-40.

Pending before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, to strike pursuant to Rule 12(f). For the reasons that follow, the Court GRANTS Defendants' motion.

II.     Legal Standards

    A.     Rule 12(b)(6) Motion to Dismiss

Pursuant to Rule 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure require that the complaint merely contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#6-7**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9046 PSG (AJWx) | Date | January 4, 2011 |
|----------|------------------------|------|------------------|
| Title | Albert Asafu-Adjaye v. Citibank, N.A., *et al.* | | |

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"
*Ashcroft v. Iqbal,* —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atl.
Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  Rather, the
complaint must allege sufficient facts to support a plausible claim to relief.  *See id.*

 In deciding a Rule 12(b)(6) motion, the Court must engage in a two-step analysis.  *See id.*
at 1950.  First, the Court must accept as true all non-conclusory, factual allegations made in the
complaint.  *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507
U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993).  Based upon these allegations, the
Court must draw all reasonable inferences in favor of the plaintiff.  *See Mohamed v. Jeppesen
Dataplan, Inc.,* 579 F.3d 943, 949 (9th Cir. 2009).  Second, after accepting as true all non-
conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court
must determine whether the complaint alleges a plausible claim to relief.  *See Ashcroft,* 129 S.
Ct. at 1950.  Despite the liberal pleadings standards of Rule 8, conclusory allegations will not
save a complaint from dismissal.  *See id.*

 Where, as here, a plaintiff proceeds *pro se*, the Court has an obligation to construe her
complaint liberally.  *Bernhardt v. Los Angeles County,* 339 F.3d 920, 925 (9th Cir. 2003)
("Courts have a duty to construe pro se pleadings liberally including pro se motions as well as
complaints.").  Indeed, the Supreme Court has held that "a pro se complaint, however inartfully
pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."
*Estelle v. Gamble,* 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal quotation
marks and citations omitted).  Nonetheless, "[a]lthough a pro se litigant must be given leave to
amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint
[can]not be cured by amendment," *O'Neal v. Price,* 531 F.3d 1146, 1149 (9th Cir. 2008)
(citation omitted), in some circumstances, dismissal of a pro se litigant's complaint with
prejudice may be warranted.  *See id.* (citing *McHenry v. Renne,* 84 F.3d 1172, 1178-80 (9th Cir.
1996)).

  B. <u>Rule 12(f) Motion to Strike</u>

 The court may strike from a pleading an insufficient defense or any redundant,
immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on
motion made by a party either before responding to the pleading or, if a response is not allowed,
within 20 days after being served with the pleading. Fed. R. Civ. P. 12(f). "The function of a
motion to strike is to avoid the unnecessary expenditures that arise throughout litigation by
dispensing of any spurious issues prior to trial." *Chong v. State Farm Mut. Auto. Ins. Co.,* 428 F.
Supp. 2d 1136, 1139 (S.D. Cal. 2006) (citing *Sidney-Vinstein v. A.H. Robins Co. ,* 697 F.2d 880,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#6-7

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9046 PSG (AJWx) | Date | January 4, 2011 |
|---|---|---|---|
| Title | Albert Asafu-Adjaye v. Citibank, N.A., *et al.* | | |

885 (9th Cir. 1983)). However, Rule 12(f) motions "are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Chong*, 428 F. Supp. 2d at 1139 (internal citation omitted). "Thus, courts generally grant a motion to strike only where 'it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" *Id.* (internal citation omitted). *See also In re 2TheMart.com, Inc. Securities Litigation*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) ("If there is *any doubt* as to whether the allegations might be an issue in the action, courts will deny the motion [to strike].") (emphasis in original; citing *Fantasy, Inc. v. Fogerty* , 984 F.2d 1524, 1527 (9th Cir. 1993) *rev'd on other grounds* , 510 U.S. 517, 534-35, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)).

III.    Discussion

        The Court agrees with Defendants' argument that the Complaint fails to state a claim upon which relief can be granted, but first takes a moment to comment on Plaintiff's failure to timely oppose Defendants' motion.

        A.    Local Rules 7-9 and 7-12

        Although Plaintiff is proceeding *pro se*, he must still comply with the Court's procedural rules. *See Jacobsen v. Filler*, 790 F.2d 1363, 1364-65 (9th Cir. 1986). Pursuant to Local Rule 7-9, Plaintiff's opposition to Defendants' motion to dismiss was due 21 days before the date designated for the hearing of the motion, which would have been December 10, 2010. *See* L.R. 7-9. The Court could have granted Defendants' motion at that time for failure to oppose under Local Rule 7-12, but did not. Despite Plaintiff's untimely filing, the Court considers the Opposition filed on December 20, 2010, as it has the discretion to do under Local Rule 7-12. Nevertheless, the Court warns Plaintiff that he must comply with the Federal Rules of Civil Procedure, the Court's Local Rules and the Court's Standing Order for all filings and appearances in the future.[1]

---

[1] The Court also notes that Plaintiff's Opposition does not specifically address the arguments made by Defendants in their motion to dismiss. Plaintiff should be made aware that Local Rule 7-9 requires "a brief but complete memorandum which shall contain a statement of all the reasons in opposition [to the other party's motion] and the points and authorizes upon which the opposing party will rely." *See* L.R. 7-9. Failure to do so "may be deemed consent to the granting . . . of the motion." *See* L.R. 7-12. In light of the fact that Plaintiff is a *pro se* Plaintiff, the Court grants some latitude but again reiterates that Plaintiff must still comply with the Court's

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#6-7

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9046 PSG (AJWx) | Date | January 4, 2011 |
|---|---|---|---|
| Title | Albert Asafu-Adjaye v. Citibank, N.A., *et al.* | | |

B.      Defendants' Motion to Dismiss

As discussed, the Complaint includes the following causes of action:  (1) discrimination, (2) breach of fiduciary duty, (3) negligence and failure to supervise, (4) fraud, (5) punitive damages, and (6) intentional infliction of emotional distress.[2]  *See Compl*. ¶¶ 47-71.  The Court addresses each in turn.

1.      Discrimination

The basis for Plaintiff's first claim for relief is not entirely clear, though it appears to be based on Title VII of the Civil Rights Act of 1964.  *See id.* ¶ 41 ("Title VII of the Civil Rights Act of 1964 protects people such as Plaintiff from racial discrimination particularly in all [sic] almost employment and places of business such as in the banking industry.").  Elsewhere in the Complaint, Plaintiff alleges that he was discriminated against "because of the color of his skin when Defendants employees detained, intimidated and played delayed tactics in their banking branches in order to refuse him for withdrawal and closure of his account [sic]."  *Id.* ¶ 45.

Despite Plaintiff's allegations of discrimination, the first claim for relief must be dismissed because Title VII of the Civil Rights Act of 1964 applies only to employment relationships.  More specifically, Title VII prohibits discrimination, by an "employer" against an "employee," based on race, color, religion, sex, or national origin.  42 U.S.C. § 2000e.  Plaintiff does not, and likely cannot, allege that Defendants were his employers, and that he was Defendants' employee.  In addition, the only facts pleaded supporting a claim of discrimination relate to statements made by another customer in the bank, *see Compl.* ¶ 27, not by anyone associated with the Defendants.  As a result, the Court GRANTS Defendants' motion to dismiss Plaintiff's first cause of action for discrimination WITH PREJUDICE.

2.      Breach of Fiduciary Duty

Plaintiff's second cause of action for breach of fiduciary duty is equally flawed and must be dismissed.  Defendants' correctly point out that "[u]nder California law, a bank generally

---

rules.

[2]  While the Complaint does not specifically include intentional infliction of emotional distress as a numbered cause of action, the repeated references to "severe emotional distress, mental pain and suffering and adverse physical consequences," and Plaintiff's *pro se* status leads the Court to address the allegations as if they had been properly asserted.  *See Compl.* ¶¶ 52, 59, 63.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#6-7

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9046 PSG (AJWx) | Date | January 4, 2011 |
|----------|------------------------|------|------------------|
| Title | Albert Asafu-Adjaye v. Citibank, N.A., *et al*. | | |

does not owe a fiduciary duty to its customers." *Mot.* 6:10; *see also Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476, 261 Cal. Rptr. 735 (Cal. Ct. App. 1989) ("It has long been regarded as axiomatic that the relationship between a bank and its depositor arising out of a general deposit is that of a debtor and creditor . . . and there is not a fiduciary relationship between debtor and creditor as such." (quotations and citations omitted)); *Copesky v. Superior Court*, 229 Cal. App. 3d 678, 691, 280 Cal. Rptr. 338 (Cal. Ct. App. 1991) ("[i]t is thus our conclusion that banks, in general and in this case, are not fiduciaries for their depositors"). Defendants owed Plaintiff no duty and Defendants' motion to dismiss Plaintiff's breach of fiduciary duty claim is GRANTED WITH PREJUDICE.

3.     Negligence and Failure to Supervise

Plaintiff's third cause of action is for negligence and failure to supervise. More specifically, the Complaint alleges that "Defendants negligently failed to supervise their employees," *Compl.* ¶ 57, and that "Defendants knew or should have known that their employees in their branches as entities were incompetent or otherwise unable to perform their job duties in and ordinary, reasonable and lawful manner," *id.* ¶ 58. Such pleading, however, is exactly the type of labels and conclusions that *Iqbal* and *Twombly* instruct courts to reject. *See Iqbal,* 129 S. Ct. at 1949 (a complaint that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do" (internal citation omitted)). Moreover, to the extent that Plaintiff's negligence claim rests on Defendants' purported duty to supervise account activity, California law rejects that theory as well. *See Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*, 49 Cal. App. 4th 472, 481, 56 Cal. Rptr. 2d 756 (Cal. Ct. App. 1996) (holding that there is "no authority . . . for the proposition that, in the absence of suspicious instruments, a bank has a duty to supervise account activity"). Plaintiff has not adequately pleaded a duty or breach of that duty by Defendants and Defendants' motion to dismiss Plaintiff's third cause of action for negligence and failure to supervise is GRANTED WITH LEAVE TO AMEND.

4.     Fraud

To prove fraud, Plaintiff must show (1) a misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damages. *Stansfield v. Starkey,* 220 Cal.App.3d 59, 72, 269 Cal.Rptr. 337 (1990); 5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 676. It is well-settled that state law claims adjudicated in Federal Court are subject to the Federal Rules of Civil Procedure. *See Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1103 (9th Cir.2003). As such, Plaintiff's claim for ;3504;3504fraud must satisfy the heightened

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#6-7**

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-9046 PSG (AJWx) | Date | January 4, 2011 |
|---|---|---|---|
| Title | Albert Asafu-Adjaye v. Citibank, N.A., *et al*. | | |

pleading standards of Rule 9(b), which requires pleading of fraud with particularity, such that a defendant should be able to adequately answer a complaint without merely saying that they did nothing wrong. *See Neubronner v. Milken,* 6 F.3d 666, 672 (9th Cir.1993). A complaint should include "such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Id.* In other words, a plaintiff must allege the "who, what, when, where and how of the misconduct." *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1124 (9th Cir.2009). Plaintiff has not met this burden.

Defendants allegedly represented "that their employees in the local branches were representatives of their benevolent entities designed to foster the customer service and public relations in good faith of customers such as Plaintiff," and that "the documents that Plaintiff received when he opened his savings account . . . were the actual document[s] and justified by their corporate heads and legal departments." *See Compl.* ¶ 61. The Complaint stops there, however, and does not offer any explanation as to why these representations were knowingly false, and if they were false, why Plaintiff's damages resulted from his reliance on them. *See Stansfield,* 220 Cal.App.3d at 72. Plaintiff's Complaint also implies that there may have been other false statements when it says that Defendant Citibank, N.A. "knowingly and intentional made false representation of material facts . . . *by and among other things*." *Compl.* ¶ 61. This implication also cannot survive Defendants' motion as fraud must specifically state the "who, what, when, where and how of the misconduct," *Kearns*, 567 F.3d at 1124.

5.    <u>Intentional Infliction of Emotional Distress</u>

Throughout the Complaint, Plaintiff repeatedly asserts that Defendants' employees' conduct caused "severe emotional distress, mental pain and suffering and adverse physical consequences." *See Compl*. ¶¶ 52, 59, 63. To state a claim for intentional infliction of emotional distress, however, Plaintiff must show (1) outrageous conduct, "so extreme as to exceed all bounds of that usually tolerated in a civilized community," (2) an intent to cause or a reckless disregard of the possibility of causing emotional distress, (3) severe or extreme emotional distress, and (4) that the outrageous conduct proximately caused the emotional distress. *Symonds v. Mercury Sav. & Loan Ass'n,* 225 Cal.App.3d 1458, 1468, 275 Cal.Rptr. 871 (1990). The Complaint generally alleges that Defendants prevented Plaintiff from withdrawing money five days after it was initially deposited. And although Plaintiff was the subject of a particularly disturbing racial epithet said by another customer, nothing allegedly done by Defendants in this case can be said to be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." To the extent that Plaintiff's Complaint includes a claim for

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#6-7**

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-9046 PSG (AJWx) | Date | January 4, 2011 |
|---|---|---|---|
| Title | Albert Asafu-Adjaye v. Citibank, N.A., *et al.* | | |

intentional infliction of emotional distress, the Court finds that it is inadequately pleaded and must be dismissed WITH LEAVE TO AMEND.

      6.    <u>Punitive Damages</u>

      Finally, Defendants move to strike pursuant to Federal Rule of Civil Procedure 12(f) the portions of Plaintiff's Complaint related to punitive damages.  The Court's decision to grant Defendants' motion to dismiss in its entirety renders the motion to strike moot.

## IV.   <u>Conclusion</u>

      Based on the foregoing, Plaintiff has failed to state a claim for any of the causes of actions identified in the Complaint and the Court GRANTS Defendants' motion according to the following:

      (1)    Title VII of the Civil Rights Act of 1964 Claim—Dismissed With Prejudice

      (2)    Breach of Fiduciary Duty Claim—Dismissed With Prejudice

      (3)    Negligence and Failure to Supervise Claim—Dismissed With Leave to Amend

      (4)    Fraud—Dismissed With Leave to Amend

      (5)    Intentional Infliction of Emotional Distress—Dismissed With Leave to Amend

      (6)    Motion to Strike Punitive Damages Claim–Moot

      Plaintiff has until **FEBRUARY 4, 2011** to file a Second Amended Complaint with related federal and state law claims.  Failure to do so will result in the case being dismissed with prejudice.

      **IT IS SO ORDERED.**